IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MATTHEW D. ENDERS              * | |
|     Plaintiff, | |
|     v.                              * | CIVIL ACTION NO. WMN-06-597 |
| | |
| RICK MATUZAK                    * | |
| AIR FILTER MAINTENANCE | |
| STATE FARM GENERAL INSURANCE    * | |
| ROBERT HERRING | |
| J. CHARLES SZCZESNY, ESQ.       * | |
|     Defendants. | |
|                                           *** | |

## **MEMORANDUM**

The *pro se* Plaintiff filed this cause of action seeking $10,000,00.00 in compensatory and punitive damages.  The matter includes counts of: (i) fraudulent misrepresentation, (ii) intentional infliction of emotional distress, (iii) negligent infliction of emotional distress, (iv) "tort of outrage," (v) civil conspiracy, and (vi) negligence.

Plaintiff's complaint concerns two separate events. The first arose in July of 2003 and the other occurred two years later, in July of 2005.  Plaintiff claims he was employed by Air Filter Maintenance, Inc.  ("AFM") when he was hospitalized on July 10, 2003, for acute appendicitis.  He asserts that he informed his employer of his ailment and did not quit his job, but Defendant Matuzak, the owner of AFM, falsely claimed that Plaintiff did not: (i) notify AFM of his condition or hospitalization; (ii) inform AFM of the date he could return to the job; and (iii) return to his AFM job. Plaintiff claims that as a result of this fraudulent misrepresentations, he was denied unemployment benefits.[1]

---

[1] Plaintiff's attachments, however, show that on October 6, 2003, his unemployed insurance claim was returned to the local office upon a finding by the Maryland Department of Labor that Plaintiff's separation from his employment at AFM did not constitute a disqualifying reason for the denial of unemployment insurance benefits.  There is no documentation presented showing the final decision.

Plaintiff also claims that on July 21, 2005, he severely injured his back while carrying air filters at the University of Maryland at Baltimore.[2] He states that on that same date he notified Defendants Matuzak and AFM of his injury, but they would not allow him to seek medical attention until August 8, 2005. According to the Complaint, a counseled claim was filed with the Maryland Worker's Compensation Commission ("WCC"). Plaintiff asserts that Defendants Matuzak and AFM, and their attorney J. Charles Szczesny, contested his claim and provided false information at the WCC hearing in January of 2006.[3] Plaintiff asserts that the WCC denied his claim on February 3, 2006, but he has been granted a re-hearing. He complains that Defendants State Farm Insurance and its Agent Rob Herring were negligent and aided and abetted Matuzak and AFM in their fraud because had they conducted a proper investigation into his medical injury claim they would have otherwise found his claim for benefits credible.

Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis (Paper No. 2), which shall be granted pursuant to 28 U.S.C. § 1915(a). The complaint shall, however, be dismissed.

Although instituted by the Clerk as a federal question complaint, the action presents no claims under federal law or statute. Rather, the case sets out allegations of negligence, fraud, and intentional infliction of emotional distress against private individuals and corporations related to the awards of unemployment insurance and worker's compensation benefits under Maryland law. This Court is a court of limited original jurisdiction. It does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It only has authority to review such claims

---

[2] Based upon this claim, it appears that Plaintiff is alleging he was re-hired by Matuzak and Air Filter Maintenance.

[3] Plaintiff claims that he performed a service job for Air Filter Maintenance on July 20 and July 21, 2005. He complains that Matuzak and AFM provided hearing testimony that no one from AFM provided service on those dates at the locations in question.

filed pursuant to a federal district court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 ($2^d$ Cir. 1998).  The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 2221 (1989).  "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other."  *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).  The undersigned observes that all parties reside in Maryland.  Therefore, Plaintiff's Complaint cannot meet federal diversity requirements.

For the aforementioned reasons, Plaintiff's complaint shall be dismissed.  A separate Order follows.

Date:   3/15/06

/s/

William M. Nickerson
Senior United States District Judge